Arameh Zargham O'Boyle (SBN: 239495)
azoboyle@mintz.com
Paige E. Adaskaveg (SBN 330551)
pdaskaveg@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:  310-586-3200
Facsimile:  310-586-3202

Brad M. Scheller (*Pro Hac Vice Forthcoming*)
bmscheller@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
919 Third Avenue
New York, NY 10022
Telephone: 212-935-3000
Facsimile: 212-983-3115

Attorneys for Defendant
PETER THOMAS ROTH LABS LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE REYES, individually and on behalf of all others similarly situated,<br><br>                         Plaintiff,<br>    vs.<br><br>PETER THOMAS ROTH LABS LLC., a New York limited liability company,<br><br>                        Defendants. | Case No. 2:23-cv-09463<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed: September 25, 2023 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Peter Thomas Roth Labs LLC ("Defendant") hereby removes this civil action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## I.   INTRODUCTION AND PROCEDURAL HISTORY

1.     This is a civil action filed on or about September 25, 2023 by Bonnie Reyes, individually and on behalf of all others similarly situated ("Plaintiff") in the

Superior Court of California, County of Los Angeles, Case Number 23STCV23090, captioned *Bonnie Reyes v. Peter Thomas Roth Labs LLC* ("Superior Court Action").

2.  Plaintiff alleges that she purchased Defendant's Water Drench Hyaluronic Cloud Rich Barrier Moisturizer (the "Product") but was misled by the product's "unlawful amount of empty space or 'slack-fill.'" Ex. 1, Compl. ¶¶ 1-2. Specifically, Plaintiff claims she relied on the Product's "oversized box and opaque packaging" to purchase the Product but would not have paid a price premium for the Product had she known that the size of the container and label were "false and misleading." *Id.* at ¶ 7.

3.  Plaintiff's Complaint asserts one cause of action against Defendant for Violation of California Consumers Legal Remedies Act, Civil Code § 1750, *et. seq*. (Although the Complaint references California Unfair Competition Law, Business and Professions Code § 17200, *et seq*., and False and Misleading Advertising in Violation of Business and Professions Code § 17500, *et seq*., no such claims are asserted under these statutes in the Complaint.)

4.  Plaintiff also purports to bring this action on behalf of "[a]ll Californians who purchased Defendant's Product in California during the four years preceding the filing of this action (the "Class")." Ex. 1, Compl. ¶ 27.

5.  Plaintiff claims she and other California consumers who purchased the pProduct have suffered injuries.  The Complaint seeks restitution and/or disgorgement and damages to the Class, injunctive relief, declaratory relief, and recovery of costs and reasonable attorneys' fees. *Id.* at ¶ 49 and ¶¶ A-F (Prayer).

## II.  <u>REMOVAL IS PROPER BECAUSE THIS COURT HAS CAFA JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d).</u>

6.  This action is removable pursuant to 28 U.S.C. § 1441(a) because this is an action over which this Court has original jurisdiction.

7.  This Court possesses original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. This action meets the CAFA

definition of a class action, which includes "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action" *See* 28 U.S.C. § 1332(d)(1)(B).

8.    CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); (2) the putative class consists of more than 100 members; and (3) the amount in controversy is $5 million or more, aggregating all claims and exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332 (d)(5)(B). Each of these requirements is met here for the reasons stated below.

**A.    DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES.**

9.    Minimal diversity exists between Defendant and the members of the putative class under 28 U.S.C. § 1332(d)(2)(A). Under CAFA, minimal diversity is met if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

10.    Peter Thomas Roth Labs LLC is now, and was at the time of the filing of this action, a Delaware limited liability company with its principal place of business in the State of New York, and is therefore a citizen of both the State of New York and the State of Delaware for purposes of determining diversity. Ex. 1, Compl. ¶ 8; 28 U.S.C. §1332(c)(1) (deeming the citizenship of a corporation to be where "it has been incorporated and . . . where it has its principal place of business."); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (concluding that the "principal place of business" is the "nerve center . . . where the corporation maintains its headquarters").

11.    Plaintiff is not a citizen of the States of New York or Delaware.  At all times relevant to this action, Plaintiff has been a citizen of California residing in California.  Ex. 1, Compl. ¶ 7 ("Plaintiff is a resident of California"); *Bonnie Reyes v. L'Occitane Inc.*, Southern District of California, Case No. 23CV0203, February 2,

2023, Dkt. No. 1 (Exh. A, Complaint) (consumer putative class action filed by Plaintiff Bonnie Reyes in California in February 2023, in which Plaintiff specifically alleges that she "is, and at all times relevant hereto was, a citizen of California").

**B.    NUMBER OF CLASS MEMBERS IS SATISFIED.**

12.    Plaintiff's Complaint alleges that "[t]he Class is comprised of many thousands of persons."  Ex. 1, Compl. ¶ 29. Therefore, CAFA's requirement that the putative class consists of more than 100 members is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

**C.    THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.**

13.    Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014).  To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions."  *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

14.    For purposes of removal only, and without conceding that Plaintiff or the putative class is entitled to any damages, remedies, or penalties whatsoever, the aggregated claims of the putative class establish that the amount in controversy exceeds the jurisdiction minimum of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2).

15.    The amount in controversy satisfies CAFA's threshold based on Plaintiff's request for actual damages, statutory damages, attorneys' fees, and injunctive relief. *See Lewis*, 627 F.3d at 397 (noting removing defendant need only show "that the potential damages could exceed the jurisdictional amount"); *Woods v.*

- 4 -

1  *CVS Pharm., Inc.*, No. 14-0259, 2014 U.S. Dist. LEXIS 13339, at *5 (C.D. Cal. Jan.

2  30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the

3  plaintiff's complaint, not what a defendant will actually owe.").

4      16.   In a putative class action, "the claims of the individual class members

5  shall be aggregated to determine whether the matter in controversy exceeds the

6  [jurisdictional minimum]." 28 U.S.C. § 1332(d)(6). Plaintiff's Complaint requests

7  that Defendant be compelled to "provide restitution and damages to consumers who

8  paid for Product that are not what they expected to receive due to Defendant's

9  misrepresentation. Ex. 1, Compl. ¶ 48. Plaintiff's Complaint alleges that

10 Defendant's misrepresentation of the amount of product contained in the Product's

11 packaging resulted "in profits of millions of dollars or more to Defendant, all to the

12 damage and detriment of the consuming public." *Id.* at ¶ 10. And Plaintiff seeks

13 restitution and/or the disgorgement of the "millions of dollars" acquired by

14 Defendant allegedly to the damage and detriment of consumers. *Id.* at ¶ D (Prayer).

15     17.   Plaintiff's Complaint also seeks injunctive relief, "in the form of

16 packaging or label modifications." *Id.* at 49, 36 (seeking "injunctive relief and/or

17 corresponding declaratory relief"). Plaintiff describes such modifications to include,

18 but not limited to, "shrinking the packaging, adding more Product, reshaping the

19 refillable plastic insert so as not to be misleading and fit the outer aluminum

20 container, or adding a disclosure regarding the shape of the plastic insert on the

21 outside label on the Product. *Id.* at ¶ 49. In determining the amount in controversy, it

22 is proper to also consider "the potential cost to the defendant of complying with [an]

23 injunction." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th

24 Cir. 2001) ("[T]he test for determining the amount in controversy is the pecuniary

25 result to either party which the judgment would directly produce…. In other words,

26 where the value of a plaintiff's potential recovery … is below the jurisdictional

27 amount, but the potential cost to the defendant of complying with the injunction

28 exceeds that amount, it is the latter that represents the amount in controversy for

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

jurisdictional purposes.").  Here, Plaintiff seeks to enjoin Defendant from continuing to package and/or label the Product as challenged; in essence, seeking to stop Defendant from selling the Product as currently packaged and labeled.  *See* Ex. 1, Compl., ¶ B (Prayer).  Plaintiff argues that Defendant can "increase the Product's fill level significantly without affecting how the containers are sealed;" "disclose the fill-level on the outside labeling to inform consumers of the amount of product actually in the container;" "increase the quantity of product in each container (or, alternatively, decrease the size of the containers) significantly."  *Id.* at ¶¶ 23-24.  The cost of complying with such injunction demands further establishes that the jurisdictional minimum has been reached.

18.     The CLRA also provides for substantial statutory damages.  The CLRA provides a minimum award of statutory damages of $1,000 per violation.  *See* Cal. Civ. Code § 1780; s*ee, e.g., Morey v. Louis Vuitton N. Am., Inc.,* 461 F. App'x 642, 643 (9th Cir. 2011); *Brooks v. Life Care Ctrs. of Am., Inc.,* 2014 U.S. Dist. LEXIS 27539, at *16-17 (C.D. Cal. Feb. 21, 2014); *Pickman v. Am. Express Co.,* No. 11-5326, 2012 U.S. Dist. LEXIS 9662, at *5 (N.D. Cal. Jan. 27, 2012) ("The amount in controversy is satisfied by multiplying the minimum amount of damages to be sought under the CLRA ($1,000) by the number of alleged violations (5,001).").

19.     Finally, Plaintiff's Complaint seeks attorneys' fees and costs.  Compl., ¶ E (Prayer).  It is "well established that courts should consider attorney's fees recoverable by statute when calculating the amount in controversy."  *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 903 (S.D. Cal. 2021); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (using "amount of fees commonly incurred in similar litigation" as reasonable measure of attorney's fees to determine amount in controversy.)   In numerous analogous class action cases invoking the same or similar consumer protection statute causes of action and allegations of false or misleading statements on product labels, attorneys have sought in excess of $2-3 million in attorneys' fees.  *See, e.g.*, *Brown v. Hain Celestial*

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

*Group, Inc.*, No. 11-3082, 2016 U.S. Dist. LEXIS 20118 (N.D. Cal. Feb. 18, 2016) (UCL, FAL, and CLRA misleading class action seeking approval of over $3 million in attorneys' fees); *Hendricks v. Starkist Co.*, No. 13-729, 2016 U.S. Dist. LEXIS 134872 (N.D. Cal. Sep. 29, 2016) (same); *Retta v. Millennium Products, Inc.*, No. 15-1801, 2017 U.S. Dist. LEXIS 220288 (C.D. Cal. Aug. 22, 2017) (same; seeking approval in excess of $2 million in fees).

## III. ALL OTHER STATUTORY REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

20.    Venue is proper in the United States District Court for the Central District of California because the Superior Court of the State of California for the County of Los Angeles is located in this judicial district. *See* 28 U.S.C. § 1441(a).

21.    There are no other named defendants in this action other than Defendant, thus no consent to removal is necessary.

22.    Plaintiff served Defendant with the Summons and Complaint in the Superior Court Action on October 9, 2023.  This Notice of Removal is being timely filed within thirty (30) days of receipt of the Summons and Complaint, pursuant to 28 U.S.C. § 1446(b).

23.    Pursuant to 28 U.S.C. § 1446(a), Defendant has attached, as **Exhibits 1-6**, true and correct copies of all process, pleadings, and orders served upon Defendant or otherwise filed in the Superior Court Action.

24.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly served on Plaintiff and filed with the clerk of the Superior Court of the State of California for the County of Los Angeles.

25.    No admission of fact, law, or liability is intended by this Notice of Removal.  Defendant does not waive and expressly reserves all defenses, objections, counterclaims, and motions otherwise available to it.

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

**IV.** **CONCLUSION**

For the foregoing reasons, this action is within this Court's original jurisdiction and meets all requirements for removal, such that removal is proper under 28 U.S.C. §§ 1332(d), 1441, and 1446. Accordingly, Defendant respectfully removes this action from the Superior Court for the State of California, County of Los Angeles, to this Court.

Dated:  November 8, 2023

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

Arameh Zargham O'Boyle
Brad M. Scheller (*Pro Hac Vice Forthcoming*)
Paige E. Adaskaveg

Attorneys for Defendant
PETER THOMAS ROTH LABS LLC

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446